**IT IS ORDERED as set forth below:**



Date: June 23, 2021

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-50470-WLH |
| JENNICE IRENE CARTER, | CHAPTER 7 |
| Debtor, | |
| KENNETH ALEX SIMPSON, | ADVERSARY PROCEEDING |
| Plaintiff, | NO. 21-5045-WLH |
| v. | |
| JENNICE IRENE CARTER, | |
| Defendant. | |

### ORDER ON MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157,

1

and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Plaintiff filed the Complaint on April 23, 2021, seeking a determination a debt owed to him by the Defendant for attorney's fees and costs incurred in connection with child custody proceedings is nondischargeable pursuant to section 523(a)(5) of the Bankruptcy Code. Plaintiff also seeks an unspecified amount of fees for filing the Complaint and for other efforts to collect the potentially nondischargeable debt. A summons was issued, and Plaintiff certified a copy of the Complaint and a summons were sent by United States certified mail to Defendant on April 26, 2021.

Plaintiff requested entry of default for Defendant's failure to file an answer or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012. On June 7, 2021, the Clerk entered default against Defendant pursuant to Bankruptcy Rule 7055. Plaintiff filed the Motion on June 7, 2021. Defendant had until June 21, 2021 to respond. She failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id. Only facts established by the pleadings can support a default judgment. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

In determining whether the allegations in a complaint are sufficient, the Supreme Court has provided guidance in both Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In these cases, the Supreme Court explained, while "detailed factual allegations" are not required, the pleading must offer more than "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The Court has reviewed the Complaint and the Motion and finds Plaintiff has alleged facts that set forth a basis to determine the state court order for attorney's fees and costs is nondischargeable pursuant to section 523(a)(5). Section 523(a) of the Bankruptcy Code provides that certain debts are excepted from a Chapter 7 discharge, including debts "for a domestic support obligation[.]" 11 U.S.C. § 523(a)(5). A domestic support obligation is defined in section 101(14A) as a debt that is

> (A) owed to or recoverable by—
>    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>    (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>    (i) a separation agreement, divorce decree, or property settlement agreement;
>    (ii) an order of a court of record; or
>    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit . . . .

11 U.S.C. § 101(14A). The Plaintiff bears the burden of showing by a preponderance of the evidence that the debt is a domestic support obligation. See Grogan v. Garner, 498 U.S. 279, 291 (1991).

Attorney fees awarded in litigation related to child support and custody proceedings may be a domestic support obligation. Strickland v. Shannon (In re Strickland), 90 F.3d 444, 447 (11th Cir. 1996). To state a claim under section 523(a)(5), Plaintiff "must allege sufficient facts to show the attorney fees and expenses are (1) recoverable by a spouse, former spouse, or child of

Defendant; (2) in the nature of support; and (3) awarded under a settlement agreement, divorce decree, property agreement, or order of a court of record; and (4) not assigned, with some exceptions."  Crowder v. Wilbur (In re Wilbur), 574 B.R. 782, 789 (Bankr. N.D. Ga. 2017).  The debt at issue is owed to Debtor's former spouse.  It was awarded by an order of the New York court and has not been assigned.  The remaining question is whether the award is in the nature of support.

Whether a given debt is in the nature of support is an issue of federal law.  Strickland, 90 F.3d at 446.  The Eleventh Circuit has held that a determination under section 523(a)(5) "requires nothing more than a simple inquiry as to whether the obligation can legitimately be characterized as support."  Id. at 447.  Whether the obligation is in the "nature of support" must be based on the "intent underlying the award."  Engram v. MacDonald (In re MacDonald), 194 B.R. 283, 287 (Bankr. N.D. Ga. 1996).  The concept of "support" as applied to a child is not limited to financial support but includes any efforts made on the part of a party for the child's benefit, welfare, and support.  See Dvorak v. Carlson (In re Dvorak), 986 F.2d 940, 941 (5th Cir. 1993).  Thus, "[i]t is generally accepted that fees incurred on behalf of a child, during proceedings that affect the welfare of that child, are deemed to be in the nature of support."  See e.g., In re Peters, 133 B.R. 291, 295 (S.D.N.Y. 1991).  "If the purpose of the underlying proceedings in which the award[] for attorneys' fees arise is to provide for the benefit, support or best interests of the litigants' minor children, then the awards are in the nature of support."  Hutton v. Ferguson (In re Hutton), 463 B.R. 819, 828-29 (Bankr. W.D. Tex. 2011) (citing Hudson v. Raggio & Raggio, Inc. (In re Hudson), 107 F.3d 355, 357 (5th Cir. 1997)).  As one court explained,

> [a] court ordered obligation to pay attorney fees charged by an attorney that represents a child's parent in child support litigation against the debtor is non-dischargeable.  Because the ultimate purpose of such a proceeding is to provide support for the child, the attorney fees incurred inure to her benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5).

4

Id. Courts apply the same reasoning when the underlying proceedings involve child custody litigation. Hutton, 463 B.R. at 829 (citing Dvorak v. Carlson (In re Dvorak), 986 F.2d 940, 941 (5th Cir. 1993); see also In re Beacham, 520 B.R. 561, 566 (Bankr. S.D. Tex. 2014) (obligation was non-dischargeable under section 523(a)(5) because the ultimate purpose of the child custody proceeding was to provide support for the child); Davis, Matthews & Quigley, P.C. v. Elhag (In re Elhag), 606 B.R. 500, 505, n.5, & n.6 (Bankr. N.D. Ga. 2019) (citing cases and noting "an overwhelming majority of cases has determined, nearly unanimously, that an award of attorney's fees of a spouse, former spouse, or child of a debtor in a divorce or related proceeding is a debt owed to such spouse, former spouse, or child even when such fees are payable directly to the attorney.").

Here, the fees awarded to Plaintiff consist of $845.96 for costs associated with travel to the State of Georgia and $17,998.34 for legal fees incurred in connection with a modification to a custody order. The fees were awarded in a proceeding to enforce a prior custody order and to modify it. The fees are payable only to Plaintiff. The remaining question is whether the order to pay Defendant $18,844.30 in fees and costs is in the nature of support for the Defendant's minor child or former spouse. The state court order states "the award is not sanctions. [I]t is costs of Father's travel and legal expenses in litigating this issue." Further, the ultimate purpose of the underlying proceeding was to provide support for the child. Both the Final Order on Petition for Custody and Visitation and the Final Order on Petition for Modification of Order of Custody Made by Family Court state the underlying proceedings were being decided "in the best interest of the child[.]" The fees and costs were incurred during proceedings that affected the welfare of the child and, therefore, are in the nature of support for the Defendant's minor child. Defendant has not controverted these assertions, and Defendant's default constitutes an admission of the complaint's material facts. Accordingly, Plaintiff is entitled to default judgment on his claim that

5

the $18,844.30 awarded by the state court in connection with the child custody litigation is nondischargeable pursuant to section 523(a)(5).

Plaintiff also asks this Court to award him his attorney's fees in bringing this nondischargeability action. Plaintiff alleges no basis on which the Court would make such an award, and the Court sees none. The Bankruptcy Code does not provide for recovery of attorney's fees upon successful prosecution of a nondischargeability action.[1] Attorney's fees incurred in successfully prosecuting a nondischargeability suit may be recovered and found nondischargeable along with the underlying debt only if the creditor has a contractual right to such attorney's fees. See TranSouth Fin. Corp. of Fla. v. Johnson, 931 F.2d 1505, 1507 (11th Cir. 1991); In re Sheppard, 2012 WL 601774, at *5 (Bankr. W.D. Tex. Feb. 23, 2012). The Complaint contains no allegations supporting a request for fees incurred in bringing this action. Therefore, the Court denies the request for default judgment as to these fees.

Finally, the Complaint also seeks entry of an order determining as nondischargeable "Defendant's debts to Plaintiff for the attorneys fees and costs incurred by the Plaintiff in preserving his ability to collect these debts resulting from the Final Order . . . that were paid to Counsel in the underlying New York and Georgia litigation in regards to custody." Plaintiff seems to be asking for some sort of blanket relief of unknown amounts, possibly including future fees, related to the collection of the debt owed to him. "[W]here a party has contracted to pay attorneys' fees for the collection of a nondischargeable debt, the fees also will not be discharged in bankruptcy." Davidson v. Davidson (In re Davidson), 947 F.2d 1294, 1298 (5th Cir. 1991). Here, there are no allegations Plaintiff has a contractual right to legal fees. Plaintiff has simply not alleged facts that set forth a basis to determine that his unspecified post-judgment attorney's fees incurred in his efforts to collect the non-dischargeable state court judgment should be deemed

---

[1] A debtor may obtain attorney's fees under 11 U.S.C. § 523(d) if a creditor requests a determination of dischargeability that is denied and the creditor's request was not substantially justified.

non-dischargeable at this stage of the litigation. The Court denies the request for default judgment as to fees incurred in collection of the nondischargeable judgment.

Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED** as to the request for default judgment on the claim that the $18,844.30 awarded by the state court in connection with the child custody litigation is nondischargeable pursuant to section 523(a)(5).

**IT IS FURTHER ORDERED** that the Motion is **DENIED** as to the request for default judgment as to fees incurred in bringing this action and collecting the nondischargeable judgment.

**IT IS FURTHER ORDERED** that, within thirty days, Plaintiff shall dismiss the remaining counts of the Complaint related to collection of fees incurred in bringing this action and collecting the nondischargeable judgment or amend the Complaint to state a basis for such relief.

**END OF ORDER**

**Distribution List**

Michael R. Rethinger
Law Offices of Michael R. Rethinger, LLC
1392 McLendon Avenue NE
Atlanta, GA 30307

Jennice Irene Carter
8196 Pembrook Ter
Jonesboro, GA 30236

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303